# IN THE UNITED STATES DISTRICT COURT OF THE STATE DELAWARE

Shawn VanLier
Pro Se' Petitioner

V.

Thomas L. Carroll
Warden Respondent

Civil Action No. 05-763

## MEMORANDUM OF LAW FOR HABEAS CORPUS RELIEF



FILED
NOV 2 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

10/27/2005
Date

SHAWN VANLIER
SBI #396856  Unit: E
D.C.C. 1181 Paddock Road
Smyrna, Delaware 19977

# Memorandum of Law in brief

## - Opening -

Page 1

To: U.S. District Court
Lockbox 18
Boggs Federal building
844 King Street
Wilmington, DE. 19801

From: Shawn VanLier
SBI #396856
D.C.C. 1181 Paddock Rd.
Smyrna, DE 19977

Subject: Habeas Corpus relief

In this motion for relief under Federal Habeas Corpus we strive to examine the true facts surrounding VanLier's arrest, conviction, direct appeal, and several forms of post conviction relief including this habeas corpus. Today, VanLier will indeed try to present an unbiased admission to the evidence (real and circumstantial) which proves beyond a shadow of a doubt what VanLier has continueally claimed and maintains that most, if not all the judgements and states evidence submitted before, during, and after trial falls enormously short of a reasonable and might we say a fair and impartial conviction for several overwhelmingly explicit reasons:

# Notice of brief

Due to the time constraints placed on this motion of habeas corpus and the amount of time already invested in research of various rules, several sheperdized cases on a federal level which somehow relates in many facets to the Petitioner's claims, and seeking hopefully truthful advice on proper filing techniques of this motion it is now necessary to submit a brief (memorandum of Law) drawn-up specifically for the Delaware Supreme Court for the purpose of detailing and citing the great many problems surrounding the VanLier's conviction. The brief in detail will indeed cover most aspects of arguements VanLier has with his grounds and this brief almost flawlessly gives in simulartude the depth of the petitioners concerns. If this brief in some way does not meet the satisfaction of the courts please allow for another 30 day grace period for VanLier to complete another.

Notice of
# — TIME BAR —

If this motion is found important due to what could be construed as a <u>time bar</u>, we now offer several reasons why the time bar should be lifted from this petitioners motion of habeas corpus.

1) Petitioner was under the impression that he had to exhaust all his state post-conviction relief efforts before moving on to a higher court.

2) It is procedurally impossible to address two separate (and not equal) courts dealing primarily with the same relief issues and grounds that have been previously raised due to the simple fact that one court has superior command and authority over the other in any given motion(s), which in turn could bring about a conflict of interest or somehow could miscontrue the facts of the case and outcome of any final judicial decision. Today we impose these statues:

( Continued on next page )

# Notice of
# — TIME BAR —

Statutory tolling — The AEDPA provides for a one year period of limitation as follows

The time during which a properly filed application for state post-conviction relief or other collateral review with respect to the pertinent judgement or claim pending shall not be counted toward any period of limitation under this subsection 28 USC § 2244(d)(2)

Equitable tolling — The doctrine applies only when the principle equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable dilengence in investigating and bringing (the) claims 28 USC §§ 2244(d)
Collingwood Vs. Snyder cite as: 2002 WL 1446702 (D Del)

SHAWN VANLIER (THE APPELLANT) HAS FILED THIS PRO SE' REPLY BRIEF FOR POST CONVICTION RELIEF PURSUANT TO SUPERIOR COURT CRIMINAL PROCEDURE RULE 61, WHEREIN HE SEEKS TO SET ASIDE A JUDGMENT OF CRIMINAL CONVICTION BASED ON VIOLATIONS OF HIS CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND TO DUE PROCESS UNDER THE UNITED STATES CONSTITUTION AND UNDER THE DELAWARE CONSTITUTION. IN HIS REPLY BRIEF, THE APPELLANT DRAWS UPON THE "FUNDAMENTAL FAIRNESS" DOCTRINE, BASED ON A COLORABLE CLAIM THAT THERE WAS A MISCARRIAGE OF JUSTICE.

U.S.C.A. CONSTITUTION AMENDMENTS 5, 6, 14.

STRICKLAND V. WASHINGTON, 466 U.S. 668, 80 L. Ed. 2d. 674, 104 S. CT. 2052 (1984)

NAPUE V. ILLINOIS, 360 U.S. 264, 79 S. CT. 1173 (1959)

PURSUANT TO RULE 61 (i)(5). THE PROCEDURAL BARS TO RELIEF IN PARAGRAPHS (1), (2), AND (3) OF THIS SUBDIVISION SHALL NOT APPLY TO A CLAIM THAT THE COURT LACKED JURISDICTION OR TO A COLORABLE CLAIM THAT THERE WAS A MISCARRIAGE OF JUSTICE BECAUSE OF A CONSTITUTIONAL VIOLATION THAT UNDERMINED THE FUNDAMENTAL LEGALITY, RELIABILITY, INTEGRITY OR FAIRNESS OF THE PROCEEDINGS LEADING TO THE JUDGMENT OF CONVICTION.

PREVIOUSLY ADJUDICATED IN THE INTEREST OF JUSTICE:

HAMILTON V. STATE, 831 A. 2d. 881 (2003) PAGE 887, (1) THE STATE MISCONSTRUES THE LAW OF THE CASE DOCTRINE. THE LAW OF THE CASE DOCTRINE IS NOT INTENDED TO PRESERVE ERROR OR INJUSTICE; THE LAW OF THE CASE DOCTRINE IS NOT INFLEXIBLE IN THAT, UNLIKE RES JUDICATA, IT IS NOT AN ABSOLUTE BAR TO RECONSIDERATION OF A PRIOR DECISION THAT IS CLEARLY WRONG, PRODUCES AN INJUSTICE, OR SHOULD BE REVISITED BECAUSE OF CHANGED CIRCUMSTANCES.
SEE BRITTINGHAM V. STATE, 705 A. 2d. 577, 579 (DEL. 1998) ZIRN V. VLI CORP., 681 A. 2d 1050, 1062 N. 7 (DEL. 1996) THIS COURT HAS RECENTLY OBSERVED THAT:
IN OUR VIEW, RULE 61(i)(4)'S BAR ON PREVIOUSLY LITIGATED CLAIMS IS BASED ON THE "LAW OF THE CASE" DOCTRINE. IN DETERMINING THE SCOPE OF THE "INTEREST OF JUSTICE" EXCEPTION, WE RECOGNIZE TWO EXCEPTIONS TO THE LAW OF THE CASE DOCTRINE. FIRST, THE DOCTRINE DOES NOT APPLY WHEN THE PREVIOUS RULING WAS CLEARLY IN ERROR OR THERE HAS BEEN AN IMPORTANT CHANGE IN CIRCUMSTANCES, IN PARTICULAR, THE FACTUAL BASIS FOR ISSUES PREVIOUSLY POSED. SEE KENTON V. KENTON, 571 A. 2d. 778, 784 (DEL. 1990) ("THE 'LAW OF THE CASE' IS ESTABLISHED WHEN A SPECIFIC LEGAL PRINCIPLE IS APPLIED TO AN ISSUE PRESENTED BY FACTS WHICH REMAIN CONSTANT THROUGHOUT THE SUBSEQUENT COURSE OF THE SAME LITIGATION.")

SECOND, THE EQUITABLE CONCERN OF PREVENTING INJUSTICE MAY TRUMP THE "LAW OF THE CASE" DOCTRINE. SEE BRITTINGHAM V. STATE, 705 A. 2d. 577, 579 (DEL. 1998), AND SEE WEEDON V. STATE, 750 A. 2d. 521, 527-528 (DEL. 2000).

(2) THE LAW OF THE CASE DOCTRINE DOES NOT PRECLUDE THIS COURT OR THE SUPERIOR COURT FROM RE-EXAMINING THE PRIOR RULINGS IN THIS CASE WHEN THE FACTUAL PREMISES OF THOSE PRIOR RULINGS ARE DEMONSTRATED TO HAVE BEEN MISTAKEN.

Defense counsel was not functioning as the counsel guaranteed by the Sixth Amendment so as to provide reasonbly effective assistance but also that defense counsel's errors were so serious, when he didn't challenge perjured testimony from Detective Kyle Roger, because the detective said that the defendant confessed to the crime, but there was no tape recorded statement nor such evidence confirming the allegation in question, and the defendant contacted his defense counsel several times about a speedy trial, and the defendant waited 2½ years before going to trial, as to deprive the defendant of a fair trial because of a reasonable probability that, but for defense counsel's unprofessional errors, the results would have been different. Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).

The trial court abused its discretion, by denying the defendant's Rule 61 motion.

A lie is a lie, no matter what it's subject, and, if it is in any way relevant to the case, the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth. Napue v. Illinois, 360 U.S. 264, 79 S. Ct. 1173 (1959).

THEREFORE, THE APPELLANT RESPECTFULLY REQUEST THAT THE HONORABLE SUPREME COURT SET ASIDE A JUDGMENT OF CRIMINAL CONVICTION BASED ON VIOLATIONS OF HIS CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND TO DUE PROCESS PURSUANT TO THE FIFTH, SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND OF THE DELAWARE CONSTITUTION AND RESPECTFULLY REQUEST THAT THE HONORABLE COURT VACATE HIS SENTENCE AND OR RESPECTFULLY REQUEST THE HONORABLE COURT GRANT A NEW TRIAL.

_____          _____
DATE                     SHAWN VANLIER

– Notice of facts –
Information

If by necessity the courts need some editional information such as: victim's medical records, police incident report, or a more detailed results of DNA/Forensic testing conducted by the F.B.I., please notify immediately the petitioner (Mr. Shawn VanLier) who can provide copies of the originals.

10/27/2005

Shawn VanLier
Signed

*Pre-trial letter from Judge Fred S. Silverman*

SUPERIOR COURT
OF THE
STATE OF DELAWARE

FRED S. SILVERMAN
JUDGE

ONE RODNEY SQUARE, SUITE 101
920 KING STREET
WILMINGTON, DELAWARE 19801

November 29, 2000

INMATE MAIL

Shawn VanLier
M.P.C.J.F.
1301 East 12th Street
Wilmington, DE 19809

N440

*This judge who never met the then (defendant) VanLier showed extreme disdain for the accused prior to trial and he was the presiding judge during trial*

Re: *State v. Shawn VanLier*, ID#9809006423

Dear Mr. VanLier:

This is in response to your request to represent yourself in your upcoming Attempted Rape in the First Degree, Kidnaping First Degree, Reckless Endangering Second Degree and Assault Third Degree trial, which is scheduled for March 13, 2001. While you are not satisfied with your court-appointed lawyer, it would be a horrendous mistake for you to attempt to represent yourself.

If you are convicted of the serious felonies with which you are charged, you stand to be in prison for the rest of your life. And if you make the rash decision to represent yourself, you almost certainly will be convicted.

Second, your biggest objection to your court-appointed counsel concerns the time you have waited for your trial. As it stands, however, if you are allowed to represent yourself, the Court will not be able to schedule this case any sooner. If you decide to represent yourself, depending on how you proceed, it may turn out that your trial will be delayed even more.

Brief in response to post conviction relief ruling

Page I   — Opening —

To: Supreme Court Bld          Date:
55 The Green
Dover, Delaware 19901    Location: Ebb cal

From: Shawn VanLier           Subject: Appeal
S.B.I 396856                          brief

In this appeal brief to examine the true facts surrounding VanLier's arrest, conviction, direct appeal, and other forms of post-conviction relief, which should include lastly a Delaware motion rule (61) of which was denied in New Castle county by judge Fred S. Silverman whom presided during trial. VanLier will indeed try to present an unbiased admission to the mitigation and evidence (real and circumstantial) which proves beyond a shadow of a doubt what VanLier has claimed and maintained that most, if not all the judgements and evidence submitted by the state before, during, and after trial falls enormously short of a reasonable and might we say fair impartial conviction for several explicit reasons..

Brief in response to post conviction relief ruling

Page II   - Opening -

Today, VanLier now respectfully submits this brief and appeal agaist his denial for post-conviction relief under Delaware rule (61) and will also resubmit arguements previously raised in this said motion of which will now be accompanied by new and old excerpts directly from Judge Silverman's pre-trial threats and other unfounded facts to solidify the order of the court.

Right now VanLier would like to address several crucial grounds he considers exceptional:

1) Judicial Error, 2) Abuse of discretion, 3) Actual innocence, 4) Misidentification, 5) Insuffient evidence, 6) 6th U.S.C.A. violations with regards to speedy trial issues and improper police procedures, 7) 5th and 14th U.S.C.A. violations (due process), and finally VanLier's central arguement, 8) Extreme ineffective assistance of counsel. In the interest of exploration to find and establish the truth it is necessary and crucial that some previous arguements be once again covered in order for this Supreme court to fully understand and appreciate Appellant's position.

Brief in response to post conviction relief ruling

Page III - Detailed Arguements -

As of today, VanLier finds Judge Fred S. Silverman's final ruling extremely faulty for several explicit reasons:

1) Judge Silverman seems to somehow get his signals crossed as to when exactly VanLier filed a motion for sentence reduction/modification with and before him. As proven by a 15 page detailed docket sheet provided to VanLier by the New Castle county prothonotary's office on or about (8/5/2004) which proves that VanLier's last motion for sentence reduction was filed on (2/6/2003), and was abruptly denied on 2/25/2003) which then left VanLier to file his next measure before Judge Silverman, a motion for post-conviction relief rule (61). This small error might seem frivolous in the courts eyes, however this oversight typifies Judge Silverman's entire conduct from beginning. VanLier never filed the two previously mentioned motions in conjunction (Refer to page 2, paragraph 1 of Judge's order, highlighted).

Brief in response to post-conviction relief ruling

Page IV - Detailed Arguements -

2) Judge Silverman perhaps for honest reasons grills and critize VanLier's efforts to do as the court instructed him to do; and that was simply to confirm or deny the truthfulness of VanLier's trial attorney's affidavit of which lead VanLier to launch into a carefully composed 14 page explaination using documented proofs as a stamp of many disapprovals as to the most outlandish claims asserted in the contents of said trial attorney's affidavit. VanLier now must ask the courts for forgiveness for not attaining the proper procedures as to rule 61 (g) (3). However, VanLier would like to mention that his lack of knowledge was due to two key factors: 1) VanLier has a 8hrs a day prison job of which occupy a great amount of his time and he participated in programs (groups) of which dealt with social issues. 2) VanLier was only afforded 15 days to respond to his trial attorneys affidavit of which is not enough time to schedule a law library appointment because the overall wait is more than usual two weeks of which shortens the time considerably in assembling a properly arranged response.

Brief in response to post-conviction relief ruling

Page V — Detailed Arguements —

2b) Although not exclusive VanLier's trial attorney's affidavit had some very serious and outstanding flaws embedded within it that VanLier just could'nt simply address with a "Yes" or "No" which of course was probably way more than the courts require.

VanLier's only attempt was to further clarify his "yes'es" and "No's" with substantial proofs as to why exactly he did not agree with various parts of the contents of the mentioned attorney Edmund Hillis affidavit. (Refer to judge's order 3rd page, 1st paragraph).

3) Judge Silverman points out "that trial counsel did note that a different procedure was used in each of the two still photo arrays" presented to the alledge victim that identified VanLier as a possible suspect. The allege victim's testimony about the pertpetrater were extremely inconsistent with the initial description of her assailant to responding medical personel and also her description in a police incident report which according to both list the assailant 5"1, 165lbs and in his mid 20's. Although at the time VanLier stood 6'3, 155lbs, and in his mid 30's.

Brief in response to post-conviction relief ruling

Page VI — Detailed Arguments —

3b) VanLier contends that the immobile photographs that were shown to the victim by a detective Kyle Roger not only violated usual investigative procedures, but they were a further violation of VanLier's U.S.C.A. rights under the 6th in regards to Reed V. Anderson 461 F.2d 739 (3rd Cir)

This case states that "if the identification is not in a live lineup at which the defendant may be forced to act, speak, or dress in a suggestive way, were the possibilities for suggestion are multiplied, where the ability to reconstruct the events is minimized, and where the effect of a positive identification is likely to be permanent"...

However, "a viewing of immobile photographs easily reconstructible, far less subject to subtle suggestion and far less indelible in its effect when the witness is later brought face to face with accused" at which counsel should have been present during every stage. VanLier simply suggest these immobile photos can and were subject to manipulation for the sole purpose of making VanLier the prime suspect after a criminal history was established.

Brief in response to post-conviction relief ruling

Page VII - Detailed Arguements

3c) The highly unorthodox procedure ~~should~~ of displaying the photos to the allege victim should have first been addressed by VanLiers trial counsel, especially given that VanLier requested that he do so. However Judge Silverman goes on to totally ignore the red flag raised as to the validity of the whole entire procedure even though the police admitted to trying something different from standard practice. Judge Silverman does not give the slightess credence to the thought that these pictures should not only have been suppressed by a pre-trial motion, (never filed by defendant's counsel), but he seem to go on to ignore the core fabric of VanLier's central arguement that VanLier's trial lawyer simply, for some unexplained reason did'nt move to eliminate the possible manipulated and tainted photographs and the controversy surrounding them by filing a motion to suppress prior to trial. And lastly, again, VanLier was developed as a prime suspect by one detective Roger when no other suspect appeared and when the likelihood of no arrest and no evidence was apparent (Refer to Judges order, page 3, last paragraph).