IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID N⁰ 9809006423 |
| | ) | |
| Shawn H. Vanlier, | ) | |
| Defendant. | ) | |

## ORDER

The State's Motion and the defendant's Response having being considered:

**IT IS HEREBY ORDERED**, this \_\_\_\_\_ day of _____, 2000, that the State's Motion *in Limine* is **GRANTED**.

_____
Judge of the Superior Court
of the State of Delaware
in and for New Castle County.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID Nº 9809006423 |
| | ) | |
| Shawn H. Vanlier, | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned Deputy Attorney General hereby certifies service has been made either personally, by U.S. Mail and/or by fax to:

TO:     Raymond M. Radulski, Esq.
        Assistant Public Defender
        820 N. French Street, 3rd Floor
        Wilmington, Delaware 19801
        Attorney for Defendant

                                        _____
                                        Donald R. Roberts # 3536
                                        Deputy Attorney General
                                        Department of Justice
                                        820 N. French Street
                                        Wilmington, Delaware 19801
                                        (302) 577-8819

DATED:     June 27, 2000

## SUPERIOR COURT
## OF THE STATE OF DELAWARE

FRED S. SILVERMAN  
JUDGE

NEW CASTLE COUNTY COURTHOUSE  
500 N. KING STREET, SUITE 10400  
WILMINGTON, DELAWARE 19801  
(302) 255-0669

STATE OF DELAWARE )
)
v. ) ID#: 9809006423
)
SHAWN VANLIER, )
)
Defendant. )

Submitted: November 18, 2004  
Decided: February 10, 2005

**FINAL ORDER**

*Upon Defendant's Motion for Postconviction Relief--DENIED*

In response to VanLier's January 2004 Motion for Postconviction Relief, the court examined the case and issued a Preliminary Order dated March 22, 2004. The court denied the first parts of VanLier's motion, which concerned alleged pre-trial and trial errors. The court, however, did not entirely decide VanLier's final claim, concerning ineffective assistance of counsel. Instead, the court ordered expansion of the record. Then, the case became procedurally complicated.

On April 21, 2004, VanLier's trial counsel filed the affidavit called for

By letter dated November 17, 2004, the State waived its response and rested on the record presented. VanLier, however, filed a fourteen page, handwritten response on November 29, 2004. VanLier flatly ignores Rule 61(g)(3) and the court's warning. Instead of simply admitting or denying the affidavit, he launches into a polemic, complete with old and new arguments, and string citations. Although VanLier's response is out of order, the court has tried to distill it in order to see how he agrees or disagrees with his trial counsel's affidavit.

### I.

In his affidavit, VanLier's trial counsel addresses the points contemplated by the expansion of the record: "the issues surrounding the photo identification procedures used by the police," and VanLier's "allegations that trial counsel forced VanLier to appear in prison clothing despite the fact that he had street clothes available."

### A. Photo Identification

As to the photo identification, trial counsel responded:

> Trial counsel did note that a different procedure was used in each of the two arrays. Trial counsel determined independently of originally assigned counsel that no basis existed to move for suppression of the procedures used as unduly suggestive. Trial counsel did, however, cross-

VanLier has overcome the presumption of effectiveness by showing that trial counsel's efforts fell below a reasonable, objective standard and any sub-standard representation was prejudicial to him.

### B. Prison Clothing

As to VanLier's claim about appearing in prison clothing, the affidavit states that:

> Trial counsel's standard practice is now, and was at the time of trial in this matter, to facilitate defendant's use of clothing other than that issued by the Department of Correction, so long as the clothing is available, appropriate and does not provide a basis for an untoward inference against the defendant.

Trial counsel, however, has no specific recollection about whether VanLier had clothing available. Meanwhile, VanLier admittedly has no evidence to support his claim that he had street clothing available for trial. Moreover, an essential tenant of another aspect of his postconviction motion is the fact that he was indigent. Those things - VanLier's indigency, the lack of evidence supporting VanLier's claim and trial counsel's standard practice - lead to the conclusion that VanLier probably appeared in prison clothing because that was all that was available to him.

sure whether he was the one. But the jury heard the evidence and it unanimously found Defendant guilty. In its Preliminary Order, the court mentions aspects of the case that were less favorable to the prosecution. Now, the court reminds Defendant why he was convicted and why his conviction is not a "travesty," as he claims.

The jury obviously was impressed by the way the direct and circumstantial evidence fit together. As mentioned, the victim showed many physical signs of being in a serious scuffle. She had scrapes and bruises, literally from head to toe. The victim was unable or unwilling to say she was raped, but a "S.A.N.E." nurse found "debris" and "dirt-like" particles during the victim's pelvic exam. Her personal effects, including cash, were found at the place she identified as the crime scene. Thus, the victim's claim that she had been abducted (forced down an embankment) and sexually assaulted was supported by strong circumstantial evidence.

The victim's identification of Defendant also was supported by circumstantial evidence. She claimed her assailant was wearing a t-shirt with a logo matching a shirt found in Defendant's belongings when he was arrested. She also claimed he was wearing a distinctive hat, with which he was identified. Finally, although the jury never knew it, Defendant has a long, multi-state history of violent

Brief in response to post-conviction relief rule (61) appeal decision
Page I - Opening - Date: July 15, 2005

Considering all matters and taking full advantage of the air and opportunity to deliver a hopefully more detailed and complete response as to the Supreme Court's last appeal decision VanLier will now offer this somewhat reconstructed and revised brief.

Today VanLier would like to offer his thanks to the court for allowing him time to make the revisions to possibly satisfy the court's strict criteria.

As in times past VanLier must confess his amature at best at legal situations. Right now VanLier will attempt to comply with the court's last directive by responding before it's July 22, 2005 deadline and also probably exhaust his final state remedy by responding to particular excerpts from the array of Supreme Court's comments it formed to establish it's decision in brief.

Once again (as in previously submitted briefs) VanLier would indeed like to deal strictly with the facts that he covered before such as: DNA, forensics, fingerprints, Physical evidence, testimonies, etc which prove beyond a shadow of a doubt VanLier's continued claim of innocence.

Brief in response to "post-conviction
relief rule (61) appeal decision
Page II   - Opening -    Date: July 15, 2005

However since his conviction is based
almost entirely on circumstantial evidence
and heresy and finally fabled testimony.
It has become abundantly clear that the
court's somehow seemingly finds enough
to solidify the appellant's fate it has
once again opened pandora's box and
it now has become increasingly palpable
to address the court's ventures into
the unknown of what the circumstantial
evidence really meant.
VanLier must confess to being for the most
part a journeyman at legal matters and
would indulge the court's patience as to
the over presentation of this brief.
The appellant must also admit to being
the sole author of this and previously
submitted briefs, and speaks of himself in
the third person to hopefully eliminate the
possibilities of a harmful emotional taint
this can evoke. A severe detriment should
be held accountable as to the preparation
of this and other briefs due to this
facility is extremely shorthanded on certified
paralegals, nor does VanLier have the
available resources to assemble a brief
of which will compare to the quality of the
"down loaded" mechinary which aided tremend-
ously to the Supreme Court's last decision
in brief with appendix.

Brief in response to post-conviction relief rule (61) appeal decision

Page III  -  Opening  - Date: July 15, 2005

To further concrete VanLier's constant claim of innocence he will today employ portions of his trial transcripts, various sheperdized cases, medical records, a police incident report, and again exerpts of the Supreme Court's last decision. He will further refer to now the rules for post-conviction relief rule (61) to hopefully offset the procedural bars the court placed on pertinent and essential grounds he previously raised in his initial motion.

- Arguements -

On page 1, paragraph 2, in the courts section labeled nature of proceedings the courts acknowledged what it termed as a timely filed direct appeal submitted by VanLier's trial attorney and later pass on to a newly appointed counsel a Mister Neil R. Lapinski in which he decided to deploy only two issues for the court's consideration: Violation of Delaware rule (48)(b) a gross violation of rights to a speedy trial under the sixth U.S.C.A. rights; both dealing essentially with the same overall arguements.

Brief in response to post-conviction relief rule (61) appeal decision
Page IV — Arguements — Date: July 15, 2005

However VanLier contention here is that no matter how appropriately written, and timely his direct appeal was filed it was tremendously short in volume in regards to attacking the central grounds VanLier wanted included. There was indeed far more appealable issues at stake VanLier repeatedly and respectfully requested he (Mr. Lapinski) put forth. VanLier did carefully compile and send to Mr Lapinski's office a roughly drafted brief using various key references from the suppose victims medical records, a police incident report, various sheperdized cases, and trial transcripts which were assembled and sent prior to Mr. Lapinski final composition of his lack luster effort. Upon intensely researching and painstakingly assembling this thirty-two page brief and sending it to the law offices of Swartz/Campbell/Delweiler of whom Mr. Lapinski was employed at the time; He for some ungodly reason choose to totally ignore VanLier's brief with the crucial grounds such as: misidentification, perjury, heresy, suggestive testimony allowed, ineffective assistance of counsel, and a variety of others.

Brief in response to post-conviction relief rule (61) appeal decision

Page V — Arguements — Date: July 15, 2005

In summary Mr. Hillis (trial attorney) and Mr. Lapinski's overall lack to even to acknowledge VanLier's deepest concerns in turns leads the appellant down the crooked road with pit falls of now being found procedurally barred due to the fact these issues were not raised during trial or in the least on direct appeal. The simple fact is that VanLier cannot present his complete arguements unless his counsel do so. And thus being caught in a catch 22, rock and hard space in which the court's say that these arguements can only be presented by counsel (whom ignore them completely). Secondly, some new arguements such as abuse of descretion and judical error are only new in their titles; however the central theme surrounding both are essentially the same old issues stated in the appellant's roughly drafted brief sent to Mr. Lapinski in May 2002. Today VanLier will attempt to use West's Delaware rules of court; rule (61) postconviction remedies to escape the procedural bars placed on certain arguements do to previously specified reasons. (Refer to initial five pages).

Brief in response to post-conviction
relief rule (61) appeal decision
Page VI - Arguements - July 15, 2005

These cases in particular exemplifies
the appellant's arguements that he received
less then adequate performance from
the previously mention attorneys.

* Coleman V. Alabama 399 U.S. 1, 26 L Ed.2d
387, 90 S. Ct

* Hollines V. Estelle 569 F. Supp. 146 (W.D Tex
1983): Trial counsel's failure to quash
indictment (due to flawed charge and lack
of evidence), motion for discovery,
motion to produce exculpatory evidence
under Brady V. Maryland 373 U.S. 83, 10
L. Ed.2d 215, 83 S. Ct 1194 (1964) and a
motion for speedy trial constituted gross
ineffective assistance of counsel

* Holsclaw V. Smith 822 F.2d 1041 (11th Cir
1987) Trial counsel never raising the
question of insufficient evidence at the
beginning, middle, or end of trial or move
to have a dismissal based on insufficient
evidence, constituted in ineffective
assistance of counsel.

Brief in response to post-conviction relief rule (61) appeal decision,
Page VII - Arguements - Date: July 15, 2005
(Continued)

✳ Clark V. Blackburn 619 F.2d 431 (5th Cir 1980) Trial counsel's failure to file any pre trial discovery motion; failed to obtain a transcript of testimony before the grand jury, refute or dispute blatant perjury during trial and heresy testimonies, which warranted an evidentary hearing to resolve the ineffectiveness of counsel claim.

Actual Innocence exception
✳ Mayfield V. US 659 A.2d
✳ Murray V. Carrier 477 US 478, 496, 106 S.Ct 2639

✳ Schlup V. Delo 513 US 130 Ed 2d 808, 115 S.Ct.

✳ Sawyer V. Whitley 505 US 120 L.Ed 269, 112 S.ct
✳ Selvage V. Collins 494 US 108 L Ed. 2d

Plain Error
✳ Scott V. State, 521 A.2d 235 (Del. Supr 1987) the trial court committed plain error in jury instructions on Kidnapping; also refer to judical rules of conduct.

Brief in response to post-conviction rule (61) appeal decision

Page VIII — Arguements — Date: July 15, 2005

Sixth U.S.C.A. violation rights
Barker Vs. Wingo 407 U.S. 514 cite as 92 S.Ct. 2182 Rights to a speedy trial

Misidentification

* Richardson V. State the allege victims pre-trial identification of him was unreliable because it was overly suggestive, and therefore the Superior Court erred in allowing the jury to hear testimony of such...

* Harris V State 350 A.2d 768 We hold that the second photo line-up was unnecessarily and impermissibly suggestive. The victim failed to identify the defendant the first time...

* Younger V. State 496 A.2d 546 (1985) Identification procedure will not pass constitutional muster where it is so impermissibly suggestive as to give rise to very substantial likelihood of irreparable misidentification —— this is furthermore a due process violation. (Pleas refer to section IV, line (7) as to proper I.D.

* United States V. Hanna 347 F. Supp. 1010 the length of the delay, the reason for the delay; the prejudice to the defedant; and possible wavier by the defedant.

Brief in response to post-conviction relief rule (61) appeal decision
Page IX - Arguements - Date: July 15, 2005

VanLier wholeheartly denies having any part of this crime however one key factor and charge should have been eliminated before it ever came to trial if the defendant's trial lawyer would have attacked the very charge of <u>Kidnapping</u> in the first degree.

Ineffective assistance counsel
Burton V. State 426 A.2d 829
If a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be Kidnapping the resulting movement or confinement (A) Must not be slight, inconsequential and merely incidental to the other crime, (B) Must not be of the kind inherent in the nature of the other crime, (C) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commision or substantially lessens the risk of detection.
* State V. Skyers 560 A.2d 1052 The Kidnapping instructions in this case were fatally defective in that the trial judge omitted from the instruction a crucial element of the offense.

Brief in response to post-Conviction relief rule (61) appeal decision
Page X - Arguements - Date: July 15, 2005

Kornegay V. State 596 A.2d 481
When defendant is charged with both Kidnapping and underlying offense, such as rape the restraint is important in determining whether the Kidnapping charge can be separated from the underlying offense ... the movement and/or restraint is merely incident to the underlying offense.
... Existing physical force alone is extremely insufficient.

- Closing -

Many other arguements are entwined in the eight essential grounds VanLier has brought forth to the Supreme Court's decision, however the appellant respectfully request that the court to consider the outstanding issues raised here and we further suggest that the court review both sides and render the appropriate decision and overturn what we term a travesty conviction.

Date: July 15, 2005   Respectfully

Shaun VanLier



Shawn VanLier
SBI 396856
W bld.
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

U.S. District Court
Lockbox 18
Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

U.S.M.S. X-RAY