IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHAWN VANLIER, | § | |
| | § | No. 96, 2005 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | in and for New Castle County |
| STATE OF DELAWARE, | § | Cr.ID No. 9809006423 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

05-763 (GMS)

Submitted: July 22, 2005
Decided: September 16, 2005

FILED
NOV -7 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Before **STEELE**, Chief Justice, **HOLLAND** and **JACOBS**, Justices

## ORDER

This 16th day of September 2005, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1)   The defendant-appellant, Shawn VanLier, filed an appeal from the Superior Court's February 10, 2005 order denying his motion for postconviction relief. We find no merit to the appeal. Accordingly, we affirm.

(2)   In March 2001, VanLier was found guilty by a Superior Court jury of Attempted Rape in the First Degree, Kidnapping in the First Degree, Reckless Endangering in the Second Degree and Assault in the Third Degree. On the rape conviction, he was sentenced to life in prison, to be

process rights were violated at trial; and g) his counsel provided ineffective assistance. To the extent VanLier has not argued other grounds previously raised to support his appeal, those grounds are deemed waived and will not be addressed by this Court.[2]

(5) In his direct appeal, VanLier claimed that his right to a speedy trial was violated and that the judge should have dismissed the indictment *sua sponte* on that ground. In this appeal, VanLier again claims that his right to a speedy trial was violated. Because that claim was previously adjudicated in his direct appeal, VanLier is procedurally barred from asserting it in this proceeding, unless reconsideration of the claim is warranted in the interest of justice.[3] We have carefully reviewed the record in this case and do not find that VanLier's speedy trial claim warrants reconsideration.

(6) VanLier's remaining claims of error and abuse of discretion on the part of the trial judge, problems with the police investigation and improprieties regarding the evidence presented at trial are procedurally defaulted unless VanLier can show cause for relief and prejudice from a

---

[2] *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993). In his motion for postconviction relief filed in the Superior Court, VanLier also claimed that the jury instructions were improper and he should not have been permitted to appear at trial in prison clothing.
[3] Super. Ct. Crim. R. 61(i) (4).

review of the record does not support VanLier's claim. We find no error on the part of VanLier's counsel that resulted in prejudice to his case.[8]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[8] Moreover, VanLier is prevented from using his ineffective assistance of counsel claim as a means to overcome the procedural bars, since there is no substantive basis for that claim.

I/M Shawn Vanhier
SBI# 396856  UNIT E-bld
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S. District Court
Lockbox 18
844 King Street
Wilmington, Delaware
19801

