IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAWN HOSEA VANLIER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A.No. 05-763-GMS |
| ) | |
| THOMAS L. CARROLL, et al., ) | |
| ) | |
| Respondents. ) | |

**ANSWER**

Pursuant to the Rules Governing § 2254 Actions, 28 U.S.C. foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

Wilmington Police arrested Shawn VanLier on September 9, 1998. On October 13, 1998, the New Castle County grand jury indicted VanLier, charging him with attempted rape in the first degree (11 *Del. C.* §§ 531 and 773), kidnapping in the first degree (11 *Del. C.* § 783A), reckless endangering in the second degree (11 *Del. C.* § 604), and assault in the third degree (11 *Del. C.* § 611). On March 14, 2001, the Superior Court commenced a three-day jury trial after which VanLier was found guilty of all counts of the indictment. Superior Court sentenced VanLier on June 1, 2001 to a total of 27 years incarceration followed by probation for the balance of his life.

VanLier filed a direct appeal raising two issues: that VanLier was denied his right to a speedy trial under the Sixth Amendment; and that Criminal Rule 48 also required dismissal of the case due to unreasonable delay in the prosecution. On December 27, 2002, the Delaware Supreme Court affirmed VanLier's convictions and sentence. *VanLier v. State*, 2002 WL 31883016 (Del. Supr.). On January 28, 2004, VanLier filed a

motion for post-conviction relief alleging: insufficient evidence; police misconduct; prejudice against him because of his race, homelessness, and indigence; improper jury instructions; ineffective assistance of counsel; and violation of his right to a speedy trial. On March 22, 2004, Superior Court denied, in part, VanLier's motion, dismissing all of the claims except that of ineffective assistance of counsel on which the court ordered an expansion of the record. *State v. VanLier*, 2004 WL 692633 (Del. Super.). VanLier then filed an interlocutory appeal of the Superior Court's March 2004 order. On June 8, 2004, the Delaware Supreme Court dismissed VanLier's appeal. *VanLier v. State*, 2004 WL 1314831 (Del. Supr.). Following submissions by VanLier's trial counsel, on February 10, 2005, the Superior Court denied VanLier's motion for post-conviction relief. VanLier appealed this order, and on February 11, 2005, the Delaware Supreme Court affirmed Superior Court's order denying post-conviction relief. *VanLier v. State*, 2005 WL 2254231 (Del. Supr.).

VanLier has asserted eight "grounds for relief" in his petition for writ of habeas corpus: 1) ineffective assistance of counsel related to failure to assert a speedy trial claim; 2) insufficiency of the evidence; 3) denial of speedy trial; 4) violation of due process resulting from perjured testimony; 5) improper jury instructions; 6) actual innocence; 7) ineffective assistance of counsel generally; and 8) double jeopardy. (D.I. 1 at 5-6). VanLier's first and seventh grounds for relief both allege ineffective assistance of counsel. Both of VanLier's claims of ineffective assistance of counsel generally attack trial counsel's pre-trial and trial decisions, reaching any level of specificity only regarding counsel's failure to move to dismiss the indictment on speedy trial grounds. VanLier raised his general, as well as specific, ineffective assistance of counsel arguments before

2

the Delaware Supreme Court on the appeal from the denial of his Rule 61 motion for post-conviction relief.  Therefore, VanLier has exhausted his available state remedies as to these grounds for relief.  *See Smith v. Digmon*, 434 U.S. 332 (1978) ; *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984).

        The Delaware Supreme Court's decision that counsel was not ineffective amounted to a reasonable application of clearly established federal law for purposes of section 2254(d)(1).  First, the Delaware Supreme Court analyzed VanLier's ineffective assistance of counsel claim under the framework set forth by the United States Supreme Court in *Strickland*.  Thus, there is no question that the Delaware Supreme Court employed the appropriate and clearly established legal standard in analyzing VanLier's ineffective assistance of counsel claim.  *See, e.g., Gattis v. Snyder*, 278 F.3d 222, 236 (3d Cir. 2002); *Duncan v. Morton*, 256 F.3d 189, 200 (3d Cir. 2001).  VanLier cannot satisfy this burden.  The Delaware Supreme Court recognized *Strickland's* "'strong presumption that the representation was professionally reasonable,'" and found "no error on the part of VanLier's counsel that resulted in prejudice to his case."  *VanLier*, 2005 WL 2254231, *2, quoting in part *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).  The Delaware Supreme Court went on to state that VanLier could not use his ineffective assistance of counsel claim as a manes to overcome other procedurally barred claims because there was no substantive basis to his ineffective assistance of counsel claim.  *VanLier,* 2005 WL 2254231, *2, n.8.  Nor can VanLier demonstrate that the Delaware Supreme Court's decision amounted to an unreasonable application of the *Strickland* standard.  To prevail, VanLier had to show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, there was a reasonable

3

probability that the outcome of the trial would have been different—the holding of the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The Delaware Supreme Court found that Superior Court committed no error in denying VanLier's ineffective assistance of counsel claims. Superior Court thoroughly reviewed each aspect of VanLier's ineffective assistance claims, beginning with defense counsel's cross-examination of the arresting detective. Superior Court found that "VanLier's trial counsel cross-examined Detective Cunningham at length concerning the different methods used and the potential for misidentification. Counsel raised photo identification toward the middle of cross-examination and he returned to the issue at the cross-examination's end. . . . the court cannot find that VanLier's trial counsel's work was sub-standard." *State v. VanLier*, ID No. 9809006423, at 4, Silverman, J. (Del. Super. Ct. Feb. 20, 2005). Furthermore, Superior Court did not find that VanLier suffered any prejudice from the introduction of out-of-court photo identification. The photo identification was corroborated by the victim's positive identification of VanLier at trial as well as clothing belonging to both the victim and to VanLier located at the crime scene. *Id*. The finding of the Delaware courts that VanLier's defense counsel's performance was not deficient, and that VanLier suffered no prejudice from the purported deficiencies amounted to a reasonable application of *Strickland*.

      VanLier has asserted the denial of his right to a speedy trial both as a stand-alone claim and as an aspect of an ineffective assistance of counsel claim. The Delaware Supreme Court considered VanLier's speedy trial claim on the direct appeal of his conviction. The Delaware Supreme Court analyzed this claim under the framework set forth by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972). The

Delaware Supreme Court denied VanLier's speedy trial claim because VanLier suffered no prejudice to his defense as a result of the delay. *VanLier*, 2002 WL 31883016, *2. The Delaware Supreme Court instead determined that VanLier arguably benefited from the delay because he obtained a favorable stipulation that was as exculpatory as any expert testimony could have been had he called a DNA expert of his own at trial. *Id*. The FBI expert who analyzed the hair sample submitted by Wilmington police concluded that the hair found at the crime scene did not match VanLier's DNA. *Id*. The delay in trial was a direct result of the difficulties in completing the DNA testing on crime scene evidence. *Id*. Furthermore, the Delaware Supreme Court found that defense counsel's decision not to retain another expert opinion was of no consequence because "the best VanLier could have hoped for from his own expert was a finding that the hair sample tested did not match his DNA." The state court's determinations of the reasons for delay are findings of fact that are presumptively correct under 2254(e). VanLier's failure to present evidence that his defense was impaired in any way by the pretrial delay is dispositive of his speedy trial claim. *See Ward v. Snyder*, 838 F.Supp. 874 (D. Del. 1993). VanLier received credit for the time he spent incarcerated before trial; his allegations of exposure to second-hand smoke were vague and conclusory; and DNA testing produced a stipulation beneficial to his defense. *See Id*, at 879-80. "Given the facts that prejudice is the most critical factor in the speedy trial analysis, and that evidence of prejudice is essentially absent from the record before the Court, the balance in this case favors the State." *Id*, at 880.

The state court also found that VanLier's ineffective assistance of counsel claim alleging counsel's failure to move to dismiss the indictment on speedy trial grounds

5

failed because VanLier suffered no prejudice from the delay. Because the speedy trial claim had no merit, there was no basis for counsel to raise the issue at trial. VanLier has thus failed to show that the Delaware courts did not apply settled United States Supreme Court precedent in analyzing his speedy trial (and his connected ineffective assistance of counsel claim), and has failed to show that the state court's application of *Barker* and *Strickland* was unreasonable.

VanLier was convicted of attempted first degree rape and third degree assault. According to him, third degree assault is an included offense of attempted first degree rape, and his assault conviction thus violates double jeopardy. Section 2254(b) requires that a state prisoner seeking federal habeas relief first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In order to demonstrate that a claim has been "exhausted" in state court, a petitioner must show that he presented the legal and factual basis of each claim to the Delaware Supreme Court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir. 1990); *Gibson v. Scheidmantel,* 805 F.2d 135, 138 (3d Cir. 1986); *Bailey v. Snyder,* 855 F.Supp. 1392, 1399 (D. Del. 1993). The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir. 1993). If the claim is fairly presented, then state remedies have been exhausted regardless of how the state court disposes of the claim. *Smith v. Digmon*, 434 U.S. 332, 333 (1978).

VanLier did not present the double jeopardy claim to the Delaware Supreme Court in his direct appeal. Similarly, he did not raise the issue in his post-conviction

6

action. He cannot now return to Superior Court to litigate the issue. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Beatty v. Patton*, 700 F.2d 110, 112 (3d Cir. 1983); *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 2001). Were VanLier to attempt such a course of action, his motion would be denied under Superior Court Criminal Rule 61(i)(1) as untimely. In addition, the claim would be foreclosed by Rule 61(i)(2) because VanLier did not raise it in his first post-conviction motion. Finally, the claim would be barred by Rule 61(i) (3) because the issue was not raised on direct appeal. *See, e.g., Bright v. Snyder*, 218 F.Supp.2d 573, 580 (D. Del. 2002); *DeShields v. Snyder*, 829 F.Supp. 676, 692 (D. Del. 1993). Thus, because a state remedy is no longer available to VanLier, he is excused from the exhaustion requirement as to this claim. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989).

In turn, because of VanLier's failure to raise the double jeopardy claim, the claim is procedurally defaulted under state law. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750-51; *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). To demonstrate cause for the procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McClesky v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson v. Snyder*, 988 F.Supp. 783, 805 (D. Del. 1997). To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *Murray*, 477 U.S. at

493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).  VanLier has not alleged any cause for his procedural default of this claim, and the Court should accordingly dismiss his double jeopardy claim as being procedurally defaulted. VanLier's claim is, in any event, meritless.  Section 773(b) of title 11 allows the conviction and sentence for any other offense in addition to first degree rape.  That provision is sufficient to authorize multiple convictions and sentences for rape and assault.  Given the legislative authorization for such punishment, there is no double jeopardy violation.  *See Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983).

       VanLier's claim challenging the kidnapping jury instruction is similarly unexhausted and procedurally defaulted.  VanLier did not raise any challenge to jury instructions in the direct appeal of his convictions.  Instead VanLier raised the kidnapping jury instruction issue before the Superior Court in his motion for post-conviction relief. VanLier did not, however, present the issue to the Delaware Supreme Court on the appeal of his motion for post-conviction relief.  The Delaware Supreme Court noted that by failing to argue the jury instruction issue on appeal that VanLier had waived the issue. *See Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).  Thus, VanLier abandoned his jury instruction claim before the Delaware Supreme Court.  *See Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).  Because VanLier raised the jury instruction claim in a motion for post-conviction relief in Superior Court, were he to return to Superior Court in an effort to again present to the Delaware Supreme Court, Criminal Rule 61(i)(4) would preclude further consideration of the claim as previously adjudicated.  Because further state relief is foreclosed, this jury instruction claim is deemed exhausted.  *See Jackson v. Carroll*, 2004 WL 2028655, *7 (D. Del.).

Although deemed exhausted, the jury instruction claim is procedurally defaulted and federal habeas review is precluded unless VanLier can establish cause for his default and prejudice therefrom, or a miscarriage of justice. *See Coleman*, 501 U.S. at 750-51; *Harris v. Reed*, 489 U.S. 255, 262 (1989). Clearly VanLier has not shown any external impediment that prevented him from raising a claim in the Delaware Supreme Court that he raised in Delaware Superior Court, and thus has not demonstrated cause for his procedural default. *See Murray*, 477 U.S. at 492. Because VanLier has not shown cause, the Court need not consider whether VanLier has suffered prejudice from his default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

VanLier's remaining claims alleging insufficiency of evidence, perjured testimony by the victim, actual innocence must be denied as exhausted but procedurally defaulted. VanLier presented his sufficiency of evidence claim, victim perjury claim, and actual innocence claim to the Delaware Supreme Court on appeal from the denial of his state post-conviction motion, thereby exhausting these claims. *See Digmon*, 434 U.S. at 333; *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). After finding that a petitioner has exhausted state remedies, however, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989). VanLier presented these three claims in his post-conviction motion without having presented the issues first on direct appeal. As a result, under Superior Court Criminal Rule 61(i)(3), VanLier's sufficiency of evidence claim, victim perjury claim, and actual innocence claim, were thus barred unless he could show cause for his procedural default and actual prejudice, or that his claim should be reviewed under

the fundamental fairness exception. *See* DEL. SUPER. CT. CRIM. R. 61(i)(3), (5). Thus, federal habeas review of VanLier's three claims challenging the factual basis of his convictions are barred unless he establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman*, 501 U.S. at 750-51; *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson*, 988 F. Supp. at 804-05; *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey*, 499 U.S. at 493; *Murray*, 477 U.S. at 487; *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 179 (1982)); *Dawson*, 988 F. Supp. at 804-05. Liberally reading VanLier's petition, he has alleged ineffective assistance of appellate counsel as cause for his procedural default.

In any case, VanLier cannot show prejudice as a result of his counsel's failure to raise the issues on direct appeal. Strong circumstantial evidence, particularly the unique clothing that VanLier wore and identified by his former employer, corroborated the victim's positive identification of VanLier as her assailant. Consequently, VanLier cannot demonstrate cause for his procedural default in the state courts or resulting prejudice. VanLier has alleged actual innocence or a fundamental miscarriage of justice in an attempt to permit consideration of his claim. *See Murray*, 477 U.S. at 496

("[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default").  In order to have his procedurally defaulted claim reviewed under the miscarriage of justice exception, however, VanLier must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  *See id*.; *Calderon v. Thompson*, 523 U.S. 538, 540 (1998); *Schulp v. Delo*, 513 U.S. 298, 329 (1995).  VanLier has failed to establish a fundamental miscarriage of justice, and his three claims challenging the factual basis of his convictions should be dismissed.

On the basis of the Superior Court docket, it appears that the transcripts of VanLier's trial and sentencing have been prepared.  No hearings were held on any of VanLier's motions for post-conviction relief.  In the event that the Court deems production of any transcript necessary, Respondents anticipate that production of such transcripts would require at least 90 days from the issuance of any order by this Court.

The petition for a writ of habeas corpus should accordingly be dismissed.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/_____
Gregory E. Smith, I.D. No. 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware  19801
Dated: March 14, 2006          (302) 577-8398